# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

LEARNING CURVE INTERNATIONAL, INC.,

          Plaintiff,

v.

PETCO ANIMAL SUPPLIES, INC.

and

INTERNATIONAL PET SUPPLIES AND DISTRIBUTION, INC.

          Defendants.

**04C 5025**

DOCKETED

JUL 3 0 2004

Civil Action No. _____

JUDGE GOTTSCHALL

MAGISTRATE JUDGE KEYS

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Learning Curve International, Inc. ("Plaintiff" or "Learning Curve"), by its attorneys, Reinhart, Boerner, Van Deuren s.c., as and for its complaint against defendants PETCO Animal Supplies, Inc. ("PETCO") and International Pet Supplies and Distribution, Inc. ("IPSD"), (collectively, the "Defendants""), alleges as follows:

### PARTIES

1.      Learning Curve International is a Delaware corporation with a principal place of business at 111 West 22nd Street, Suite 320, Oak Brook, Illinois 60523. Learning Curve is wholly owned by RC2, Inc., a Delaware corporation.

2.      Upon information and belief, PETCO Animal Supplies, Inc. ("PETCO") is a Delaware corporation with its principal place of business at 9125 Rehco Road, San Diego, CA 92121.

3.      Upon information and belief, IPSD is a California corporation and wholly owned subsidiary of PETCO.

## JURISDICTION AND VENUE

4.      This is an action for trade dress infringement, unfair competition, false designation of origin, and trademark dilution in violation of the Lanham Act, 15 U.S.C. §§1051-1127, common law trademark infringement, and deceptive trade practices under the Illinois Deceptive Trade Practices Act, 815 ILSC 510/2. This Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. C. §1367.

5.      This Court has personal jurisdiction over both Defendants pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, because both Defendants have sufficient contacts with Illinois, the claims asserted herein arise or result from the Defendants' activities in Illinois, and the exercise of jurisdiction is reasonable. Both Defendants have "purposefully entered" the State of Illinois in a substantial way by selling, advertising, and marketing Infringing Products in Illinois. Upon information and belief, PETCO

maintains one of its three major distribution centers in Joliet, Illinois, and PETCO operates more than a dozen retail stores within this judicial district.

6.  Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391 because the Defendants are corporations that "reside" in this district: both are subject to personal jurisdiction here.

## BACKGROUND

A.  <u>**Plaintiff's Activities and Rights.**</u>

7.  Learning Curve was formed in 1993. Learning Curve has manufactured and sold innovative, high-quality toys for more than ten years and, as a result, has become well known in the toy industry.

8.  Learning Curve and RC2 each develop, manufacture and distribute for sale throughout the world a wide variety of toys for children of all ages and pet toys. Several toys originally developed by Plaintiff for children have been successfully marketed as pet toys (A photo of one example, Plaintiff's "Crazy Dog Bumble Ball" product, is attached and incorporated herein as Exhibit A).

9.  Plaintiff is the exclusive licensee for toys of the LAMAZE brand name, under which it manufactures, distributes and sells the highly distinctive plush children's toy products called Octotunes and Puppytunes. (A photo of Plaintiff's Octotunes product is attached and incorporated herein as Exhibit B, and a photo of the Puppytunes product is attached and incorporated herein as Exhibit C).

10.     Octotunes and Puppytunes were designed by Learning Curve and approved for sale by Lamaze.

11.     Both Octotunes and Puppytunes are highly distinctive toys that are protected under both federal and Illinois trademark laws and unfair competition laws, and each represents a valuable asset of Learning Curve. Distinctive at the time each was introduced, both have further acquired an association, or secondary meaning, among relevant consumers as signifying or suggesting Learning Curve as the source of the products.

12.     In 2001, Octotunes received prestigious awards and highly positive reviews. Octotunes received the National Parenting Publications of America (NAPPA) Award, Honors Award; the American Baby Magazine Toy of the Year Award; the Oppenheim Toy Portfolio Best Toy Award, Gold Award; the TMA Guide for Visually Impaired Award; the Baby Talk Magazine, "Best Toys of the Year"; the Exceptional Parent Magazine, "Best Toys of the year"; the Toy Wishes Magazine, Holiday Toy Guide; the Shape Fit Pregnancy, "Holiday Toys"; and the Working Mother Magazine, "Best Toys of the Year". In 2002, Puppytunes was awarded the Oppenheim Toy Portfolio Gold Seal.

13.     Plaintiff spends substantial sums of money and resources marketing and promoting the Puppytunes and Octotunes products throughout the United States. The goodwill associated with the Products is accomplished through considerable expense.

4

14.     In 2003 in the United States, Plaintiff sold approximately 68,000 units of Octotunes with sales revenue of approximately $850,000 and approximately 51,000 units of Puppytunes with revenue of approximately $510,000.

**B.      Defendants' Infringing Activities.**

15.     According to its web site, www.petco.com, PETCO is "a leading specialty retailer of premium pet food, supplies and services." Also according to its web site, PETCO "operates over 670 stores in 43 states and the District of Columbia."

16.     Upon information and belief, PETCO operates more than a dozen retail stores in this judicial district.

17.     Defendants sell two pet toy products under the names "Baby Octopus" and "Patch-work Puppy" (the "Infringing Products") that are nearly identical in style, appearance, color, and commercial impression to Plaintiff's Octotunes and Puppytunes products, respectively (*See* photos of Defendant's Baby Octopus product, attached and incorporated herein as Exhibit D, and Patch-work Puppy product, attached and incorporated herein as Exhibit E).

18.     Other than slight differences in size, grades of color tones, and quality of materials and workmanship, the Infringing Products are so substantially similar in appearance and commercial impression as to suggest the Defendants intentionally intended to trade off of the substantial goodwill and trade dress rights owned by Plaintiff.

19.    Specifically, both the Plaintiff's Octotunes product and the Defendants' "Baby Octopus" product exhibit the following features:

- An overall presentation as an octopus;

- A flattened spherical head connected at its base to eight essentially conical legs;

- Use of the color light blue for the face and legs;

- Use of soft, plush fabric for the head and the legs;

- Rounded leg bottoms seated in the essentially conical legs in a manner similar to an inverted ice cream cone;

- A semi-circular handle protruding from the top of the head;

- Significant use of the color lime green in the semi-circular handle;

- A stylized face consisting of two eyes elongated into ovals along a vertical axis with black pupils located beneath the center line of the elongated oval outer eyes, no nose, and a smiling mouth comprised of a single upturned black line capped on both ends with small black lines perpendicular to the curved line;

- A multi-color collar wherein each individual piece is knotted at the end to form a ring of triangular colors around the neck in the manner of a court jester or harlequin;

- Gathered fringes or ruffles at the point where the semi-spherical leg bottoms join the conical legs;

- Use of the colors lime green, orange, yellow, and pink for the leg bottoms;

- Use of the colors yellow, orange, pink, and light blue for the individual knotted pieces of the harlequin collar; and

- Use of at least one internal mechanism that produces a squeak when the product is squeezed.

20.    Both the Plaintiff's Puppytunes product and the Defendants' "Patch-work Puppy" product exhibit the following features:

- Overall presentation as a stylized puppy;

- Use of soft, plush fabric for the head, body, and bottoms of the legs (or feet);

- Construction that allows the doll to be presented seated on its bottom with its front legs between splayed rear legs;

- A two-part general head structure made up of one flattened sphere for the top and back of the skull and joined to a second half-sphere protruding from the first for the nose, whiskers, and mouth;

- Use of yellow for the nose, whiskers, and mouth section of the head and contrasting orange or orange-red for the remainder of the skull;

- A small spherical nose protruding from the head, done in a color contrasting to both colors of the head sections;

- A red, semi-circular flap tongue protruding from a smiling mouth;

- A mouth comprised of a single upturned black line capped on both ends with small black lines perpendicular to the curved line;

- Three black dots on either side of the mouth and nose representing whiskers;

- A straight black line connecting the nose to the tongue;

- Eyes consisting of two white spheres flattened together with black pupils centered within the white;

- A light blue semi-circular "patch" encircling the right eye;

- Floppy ears that are light blue on top and that include the color white on the underside;

- A predominantly circular ring affixed to the top center of the skull;

- Use of the color yellow for the ring affixed to the top of the skull;

- A blue, upwardly curving tail;

- Four "inverted ice cream cone" legs made up of essentially conical portions smaller at the point the legs join the body and wider at the point the legs join the semi-spherical leg bottoms (or feet), with the feet done in colors contrasting to the color of the conical legs;

8

- Use of the same color for the conical portion of all four of the legs, but contrasting colors for the semi-spherical leg bottoms (or feet); and

- Use of at least one internal mechanism that produces a squeak when the product is squeezed.

21. The quality of the materials and workmanship used by the Defendants to manufacture the Infringing Products are inferior to those of Plaintiff.

22. Although Defendants label their products as not intended for use by children, the Infringing Products are marketed and sold to the same general class of consumers, many of whom are, upon information and belief, likely to have both pet dogs and young children in the same household and are therefore likely to encounter and be familiar with both Plaintiff's Octotunes and Puppytunes products and Defendants' Infringing Products. Consumers are likely to mistakenly believe that the Infringing Products are somehow licensed by, related to, or affiliated with Plaintiff.

23. Neither Learning Curve nor any of its third-party affiliates have granted consent, either written or otherwise, to the Defendants to manufacture, distribute, or sell products based on the design and appearance of the Octotunes and Puppytunes products.

24. Defendants' manufacture, distribution, and sale of the Infringing Products constitutes trade dress infringement and dilution of Learning Curve's trademark rights in and to the highly distinctive appearance of Plaintiff's Octotunes and Puppytunes products.

9

# *Exhibit A*



ain't we got fun! our

**NEW**

**A. Dr. Noy's Plush Toys
with Free Extra Squeaker**

The fun will never end with these toys. Each has a hidden pouch that holds a removable squeaker, and when one squeaker wears out, you can replace it with the free extra one. Plus, stock up on squeakers with our value 4-pack.

| | | |
|---|---|---|
| #RJ20-6958 | Choose: Frosty dog or pig 8" | $6.99 |
| #RJ20-7191 | Choose: Sitting frog or duck 7" | $6.99 |
| #RJ38-3023 | Choose: Frosty dog or pig 5" | $3.99 |
| #RJ38-3022 | Choose: Sitting frog or duck 5" | $3.99 |
| #RJ38-3040 | Squeakers 4 pk | $1.99 |

**NEW**

**C. Puppy Buddies Plush Toys**

Adorable, 3" animals are just the right size for small puppies and toy breeds to cuddle, carry, shake and toss. *Catalog/internet only.*

| | | |
|---|---|---|
| #RJ38-3460 | Pig | $2.99 |
| #RJ38-3059 | Monkey | $2.99 |
| #RJ38-3060 | Frog | $2.99 |

**NEW**

**D. Crazy Dog Catch-A-Bubble**

Just blow to make strong, long-lasting bubbles with a peanut butter smell that's irresistible! 29 ml. *Catalog/internet only.*
#RJ38-2930 $4.99

**NEW**

**B. Crazy Dog Bumble Ball**

Sit back, relax, and let this motorized toy entertain her for hours. Sized (5" diameter) for small to medium dogs, cats or ferrets, it's made of reinforced hard plastic with soft nubs to send it rolling and bouncing in all sorts of crazy directions. Not intended for use as a chew toy. Requires three AA batteries (included). Assorted colors; please let us choose. *Catalog/internet only.*
#RJ38-2844 $12.99

CRAZY, MOTORIZED MOTION

**NEW**

**E. Monopoly Piece Dog Toys**

Designed to look like the tokens in the classic Monopoly board game, these toys are soft and durable with a squeaker inside. 7½". *Catalog/internet only.* Choose: Car or dog.
#RJ38-2846 $5.99

**NEW**

**F. Mint Green Big Plush Dog**

Measuring a full 16½" long, this big guy is great for your larger breed. And there's a squeaker in each foot for more excitement.
#RJ20-7310 $9.99

EXHIBIT A

4

# *Exhibit B*

imgp1339.jpg (640x480x24b jpeg)





25.     Upon information and belief, Defendants' use of Learning Curve's trademark property is willful and intentional, done expressly for the purpose of trading upon the valuable goodwill and public recognition built up by Learning Curve in its intellectual property.  Defendants have ignored repeated correspondence from Plaintiff's counsel demanding that Defendants cease and desist from manufacture, distribution and sale of its infringing products.  (*See* cease and desist letters addressed to Defendant and dated September 30, 2003 and January 12, 2004, respectively, attached and incorporated herein as Exhibit F).

26.     Upon information and belief, after receiving letters from Plaintiff's counsel dated September 30, 2003 and January 12, 2004, Defendants have continued to engage in the acts complained of willfully and with actual knowledge of Learning Curve's ownership rights, and have done so for their own commercial gain through misappropriation of Learning Curve's valuable goodwill and business reputation in violation of the rights of Learning Curve, as set forth below.

## COUNT I

### TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF § 1125(a) OF THE LANHAM ACT

27.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 26 as if fully set forth herein.

28.     Plaintiff owns a protectible interest in the trade dress of its Octotunes product (the "Octotunes Trade Dress"), the elements of which are described in paragraph 19, above.  The Octotunes Trade Dress is non-functional.

29.     Plaintiff owns a protectible interest in the trade dress of its Puppytunes product (the "Puppytunes Trade Dress"), the elements of which are described in paragraph 20, above.  The Puppytunes Trade Dress is non-functional.

30.     The Defendants' manufacture, distribution and sale of the Infringing Products as described above constitutes trade dress infringement, false designation of origin, or false or misleading description of fact which is likely to cause confusion among relevant consumers, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with the Plaintiff, or as to the origin, sponsorship, or approval of the Defendants' goods and services in commercial activities by the Plaintiff, in violation of Section 43(a) of the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

31.     By reason of Defendants' acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill.

32.     Unless enjoined by this Court, Defendants will continue to do the acts complained of herein and cause said damage and injury, all to the irreparable harm of Plaintiff.  Plaintiff has no adequate remedy at law.

## COUNT II

### DILUTION IN VIOLATION OF 15 U.S.C. §1125(c)

33.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 32 as if fully set forth herein.

34.     Plaintiff's Octotunes Trade Dress and Puppytunes Trade Dress are famous.

35.     Plaintiff's Octotunes Trade Dress and Puppytunes Trade Dress were famous before Defendant began using them in commerce.

36.     Defendant's manufacture, distribution and sale of the Infringing Products has diluted and is likely to dilute the value and distinctiveness of Plaintiff's Octotunes Trade Dress and Puppytunes Trade Dress.

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

37.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 36 as if fully set forth herein.

38.     The acts complained of herein constitute infringement of Learning Curve's trademark rights under the common law of Illinois.

## COUNT IV

### DECEPTIVE TRADE PRACTICES UNDER
### ILLINOIS DECEPTIVE TRADE PRACTICES STATUTE 815 ILSC 510/2

39.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 38 as if fully set forth herein.

12

40.   Plaintiff owns protectible rights in its Octotunes Trade Dress.

41.   Plaintiff owns protectible rights in its Puppytunes Trade Dress.

42.   In selling, manufacturing, and distributing the Infringing Products, the Defendants have impermissibly used colorable imitations of Plaintiff's Octotunes and Puppytunes Trade Dress in a manner likely to result in confusion, mistake, or deception.

43.   Defendants' conduct alleged herein constitutes deceptive trade practices in violation of the Illinois Deceptive Trade Practices Statute, 815 ILSC 510/2.

44.   By reason of Defendants' actions as above alleged, Plaintiff has suffered and will continue to suffer damages and injury to its business, reputation, goodwill, and the dilution of the value of its protected trade dress. As a result of these violations, Plaintiff has suffered damages in an amount to be determined at trial.

45.   Unless enjoined by this Court, Defendants will continue to engage in the acts complained of herein and cause damage and injury to Plaintiff, leaving it without an adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully prays for judgment:

A.   Preliminarily and permanently enjoining and restraining Defendants, their employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever: (1)

Learning Curve's Octotunes Trade Dress or any confusingly similar trade dress; (2) Learning Curve's Puppytunes Trade Dress or any confusingly similar trade dress; (3) any other false designation or false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendants or their services or products are related to, endorsed by, or sponsored in any way by Plaintiff or its services; and (4) any other false designation or false description or representation or any other thing calculated or likely to injure the business reputation of Plaintiff or to dilute the distinctive quality of Plaintiff's protectible trade dress;

      B.    Requiring Defendants to deliver up to the Court for destruction, or to show proof (upon the oath of Defendants made subject to penalty of perjury) of said destruction, any and all products, displays, labels, signs, circulars, packages, kits, wrappers, packaging, letterheads, business cards, advertisements, promotional items, literature, sales aids, or other matter in the possession, custody, or control of Defendants or their agents or distributors, including any materials posted on Defendants' web sites, which bear or depict in any manner the Infringing Products, Learning Curve's Octotunes Trade Dress or any colorable imitation thereof, or Learning Curve's Puppytunes Trade Dress or any colorable imitation thereof;

      C.    Directing Defendants to recall from any and all channels of distribution any products and advertising and promotional materials distributed by Defendants bearing

any matter or materials in violation of any injunction entered herein or bearing or depicting in any manner the Infringing Products, Learning Curve's Octotunes Trade Dress or any colorable imitation thereof, or Learning Curve's Puppytunes Trade Dress of any colorable imitation thereof;

D.      Directing Defendants to account to Plaintiff for their profits and ordering that Plaintiff shall recover from Defendants all of its damages and costs arising from the foregoing acts of intentional infringement and unfair competition, and a sum equal to three times these profits and damages pursuant to 15 U.S.C. §1117;

E.      Awarding to Plaintiff its actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Defendants complained of herein, and that such damages be trebled;

F.      Awarding Plaintiff exemplary damages against Defendants in an amount sufficient to punish Defendants and to deter similar conduct in the future;

G.      Awarding Plaintiff its reasonable attorneys' fees incurred as a result of this action, in accordance with applicable law, including 15 USC § 1117 and the Illinois Deceptive Trade Practices Statute 815 ILSC 510/3;

H.      Awarding Plaintiff the costs of this action, including expert witness fees, in accordance with applicable law;

I.      Awarding Plaintiff prejudgment, moratory and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

J.      Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Dated this 29th day of July, 2004.

Reinhart Boerner Van Deuren s.c.
1000 North Water Street
Suite 2100
Milwaukee, Wisconsin 53202-3186
414-298-1000

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

MW\1084491

OF COUNSEL:

Scott D. Verhey
Law Offices of Scott D. Verhey
734 North Wells Street
Chicago, IL 60610
312-255-8333 x114

David G. Hanson
Gilbert F. Urfer

BY _____David G. Hanson_____
Attorneys for Plaintiff Learning Curve
International, Inc.

16

# Exhibit C

imgp1329.jpg (640x480x24b jpeg)



7/28/2004



EXHIBIT

C

Blumberg No. 5118

# *Exhibit D*

imgp1331.jpg (640x480x24b jpeg)



7/28/2004



# *Exhibit E*

imgp1327.jpg (640x480x24b jpeg)



7/26/2004



# *Exhibit F*

reinhartlaw.com



September 30, 2003

VIA U.S. EXPRESS MAIL

Mike Saltzstein
V.P. Risk Management
International Pet Supply and
Distribution, Inc.
c/o PETCO
9125 Rehco Road
San Diego, CA 92121

Dear Mr. Saltzstein:          Re:    8" Baby Octopus-Plush and 6"
                                     Patch-work Puppy-Plush

        We are counsel for RC2 Corporation and its wholly owned subsidiary Learning
Curve International, Inc. ("Learning Curve"). Our client is the well-known producer
of numerous toys including its Octotunes and Puppytunes plush toys, which are
manufactured under license from Lamaze® International. Learning Curve's toy
products are produced from the highest quality materials and are designed exclusively
by Learning Curve. Its designs are protected by international copyright and trademark
laws.

        Learning Curve began selling the Octotunes and Puppytunes toys throughout
the United States and Canada as early as mid-2001 and its unique appearance is widely
recognized by consumers. As such, the Octotunes and Puppytunes toys have acquired
substantial distinctiveness among consumers and these toys represent a valuable asset
of Learning Curve.

        It has come to our attention that International Pet Supplies and Distribution
("IPSD") is having produced and is distributing and selling two plush pet toys that are
nearly identical to Learning Curve's Octotunes and Puppytunes toys. Not only do your
company's Baby Octopus and Patch-work Puppy toys (the "Infringing Products") share
the same overall shape and design, they also share the same overall color scheme as
the Octotunes and Puppytunes toys. The only difference is that your products are

EXHIBIT
F

DOCKETED 10/1/03

P.O. Box 2965, Milwaukee, WI 53201-2965 • 1000 N_____ _____ Milwaukee, WI 53202
Telephone: 414-298-1000 • Facsimile: 414-_____ _____ Toll Free: 800-553-6215     BY

Madison, WI • Telephone: 608-229-2200 • Toll Free: 800-728-6239
Waukesha, WI • Telephone: 262-951-4500 • Toll Free: 800-928-5529

Mike Saltzstein
V.P. Risk Management
September 30, 2003
Page 2

marketed as pet toys and are made of inferior materials. We attach photographs of each product for comparison.

Given the distinctive appearance of Learning Curve's Octotunes and Puppytunes toys, it is clear that these similarities are not coincidental and that the Infringing Products are intended to be copies of the Learning Curve products and trade off of the goodwill established by Learning Curve.

We believe the Infringing Products infringe our client's copyright, trade mark and trade dress rights and constitutes unfair competition under United States laws. Furthermore, after comparing the Infringing Products with the Learning Curve toys, we determined that the material used by IPSD is of substantially lesser quality. The production and sale of a nearly exact replica of the Learning Curve toys made of lower quality materials severely damages Learning Curve's reputation. Consumers are likely to mistakenly believe that the Infringing Products were produced by Learning Curve using lesser quality materials rather than high quality materials that consumers now recognize and expect from all Learning Curve products.

We wish to resolve this matter quickly and amicably and therefore we request that your company immediately cease and desist from all manufacture, sale and marketing of the Infringing Products and provide our client with the following written assurances:

1.     Written confirmation that your company has ceased all manufacture, sale and marketing of the Infringing Products;

2.     Written confirmation that your company has terminated all license, sale and distribution agreements for the sale and distribution of the Infringing Products;

3.     Written confirmation that your company will refrain from manufacturing, selling or marketing of any toy that is similar to the Learning Curve toys or likely to cause confusion among relevant consumers;

4.     An accounting of all sales made from the sale, license or distribution of the Infringing Products;

Mike Saltzstein
V.P. Risk Management
September 30, 2003
Page 3

     5.    A list of all companies that sell the Infringing Products at the wholesale and retail level;

     6.    The cost to manufacture, advertise and distribute the Infringing Products; and

     7.    Information (including the contact name, company name and address) of the person or company that designed and manufactured the Infringing Products.

If you fail to provide our office with these written assurances and information, our client has advised us to commence a lawsuit against your company for copyright infringement; trademark infringement, trade dress infringement and unfair competition. The foregoing shall not be deemed a waiver of any claims at law or in equity that our client may have with respect to this matter. We will expect your reply by the end of business on Monday, October 6, 2003.

Sincerely,

Daniel E. Kattman

MW/1011851DEK:TLM

cc    Mr. Curt Stoelting

# FLAT RATE



**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

www.us                    UNITED STATI



EV 208230645 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

Post Office To Addressee

**Mailing Label**
Label 11-F June 2002







EV 208230645 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

Post Office To Addressee

**Customer Copy**
Label 11-F June 2002

| ORIGIN (POSTAL USE ONLY) | DELIVERY (POSTAL USE ONLY) |

**CUSTOMER USE ONLY**

METHOD OF PAYMENT
Express Mail Corporate Acct. No. X531602

FROM: (PLEASE PRINT) PHONE 414 298-8185

REINHART BOERNER VAN DEUREN
1000 N WATER ST STE 1900
MILWAUKEE          WI 53202-3186
USA

Daniel E. Kattman
7900

TO: (PLEASE PRINT)

Mike Saltzstein
V.P. Risk Management
International Pet Supply and
Distribution, Inc.
c/o PETCO
9125 Rehco Road
San Diego, CA 92121

**PRESS HARD.**
You are making 3 copies.    **FOR PICKUP OR TRACKING CALL 1-800-222-1811 www.usps.com**    EMS

reinhartlaw.com

 **REINHART**
BOERNER ▪ VAN DEUREN s.c.
ATTORNEYS AT LAW

January 12, 2004

VIA U.S. EXPRESS MAIL

Mike Saltzstein
V.P. Risk Management
International Pet Supply and
Distribution, Inc.
c/o PETCO
9125 Rehco Road
San Diego, CA 92121

Dear Mr. Saltzstein:          Re:      8" Baby Octopus-Plush and 6"
                                       Patch-work Puppy-Plush

   On September 30, 2003, we sent you a letter regarding your company's sale of
its Baby Octopus and Patch-work Puppy toys, which our client, Learning Curve
International, Inc. ("Learning Curve"), believes infringes upon the intellectual property
rights of our client's well-known Octotunes and Puppytunes plush toys. As stated in
that letter, Learning Curve's product design is protected by international copyright and
trademark laws. We did not receive a response to our September 30, 2003 letter.

   We believe the Baby Octopus and Patch-work Puppy toys infringe our client's
copyright, trademark and trade dress rights and constitute unfair competition under
United States laws. Furthermore, after comparing the Infringing Products with the
Learning Curve toys, we determined that the material used by IPSD is of substantially
lesser quality. The production and sale of a nearly exact replica of the Learning Curve
toys made of lower quality materials severely damages Learning Curve's reputation.
Consumers are likely to mistakenly believe that the Infringing Products were produced
by Learning Curve using lesser quality materials rather than high quality materials that
consumers now recognize and expect from all Learning Curve products.

   Once again, we will require you to provide us with the following written
assurances no later than Monday, January 19, 2004:

EV207285002US

**FILE COPY**

P.O. Box 2965, Milwaukee, WI 53201-2965 • 1000 North Water Street, Suite 2100, Milwaukee, WI 53202
Telephone: 414-298-1000 • Facsimile: 414-298-8097 • Toll Free: 800-553-6215

Madison, WI • Telephone: 608-229-2200 • Toll Free: 800-728-6239
Waukesha, WI • Telephone: 262-951-4500 • Toll Free: 800-928-5529

Mike Saltzstein
V.P. Risk Management
January 12, 2004
Page 2

1.    Written confirmation that your company has ceased all manufacture, sale and marketing of the Infringing Products;

2.    Written confirmation that your company has terminated all license, sale and distribution agreements for the sale and distribution of the Infringing Products;

3.    Written confirmation that your company will refrain from manufacturing, selling or marketing of any toy that is similar to the Learning Curve toys or likely to cause confusion among relevant consumers;.

4.    An accounting of all sales made from the sale, license or distribution of the Infringing Products;

5.    A list of all companies that sell the Infringing Products at the wholesale and retail level;

6.    The cost to manufacture, advertise and distribute the Infringing Products; and

7.    Information (including the contact name, company name and address) of the person or company that designed and manufactured the Infringing Products.

If you fail to respond, our client has authorized us to commence a lawsuit against your company for copyright infringement, trademark infringement, trade dress infringement and unfair competition. The foregoing shall not be deemed a waiver of any claims at law or in equity that our client may have with respect to this matter. We will expect your reply by the end of business on Monday, January 19, 2004.

Sincerely,

Daniel E. Kattman

MW/1051737DEK:NM

Mike Saltzstein
V.P. Risk Management
January 12, 2004
Page 3


cc    Mr. Curt Stoelting
       Mr. James M. Bedore

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s):  Learning Curve International, Inc.**

County of Residence: DuPage

Plaintiff's Atty:     David G. Hanson
                      Reinhart Boerner Van Deuren s.c.
                      1000 North Water Street Milwaukee,
                      WI 53202
                      414-298-1000

**Defendant(s):PETCO Animal Supplies, Inc. and
International Pet Supplies and Distribution, Inc.**

County of Residence: San Diego

Defendant's Atty:

DOCKETED
JUL 3 0 2004

---

I. Basis of Jurisdiction:          **3. Federal Question (U.S. not a party)**

**04C 5025**

II. Citizenship of Principal Parties
(Diversity Cases Only)

                    Plaintiff:- **N/A**
                    Defendant:- **N/A**

JUDGE GOTTSCHALL

IV. Origin :                **1. Original Proceeding**

MAGISTRATE JUDGE KEYS

V. Nature of Suit:          **840 Trademark**

VI.Cause of Action:          **Complaint for trademark infringement under Lanham Act, 15 U.S.C. section
1051 et. seq.**

VII. Requested in Complaint

          Class Action:**No**
          Dollar Demand:
          Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature:

Date:     07/30/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**     Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of

Learning Curve International

v.

PETCO Animal Supplies, Inc. and International Pet Supplies and Distribution, Inc.

Case Number **04C 5025**



APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Learning Curve International

JUDGE GOTTSCHALL

MAGISTRATE JUDGE KEYS

| (A) | (B) |
|---|---|
| SIGNATURE _David G. Hanson_ | SIGNATURE _Gilbert F. Urfer_ |
| NAME David G. Hanson | NAME Gilbert F. Urfer |
| FIRM Reinhart Boerner Van Deuren s.c. | FIRM Reinhart Boerner Van Deuren s.c. |
| STREET ADDRESS 1000 North Water Street | STREET ADDRESS 1000 North Water Street |
| CITY/STATE/ZIP Milwaukee, WI 53202 | CITY/STATE/ZIP Milwaukee, WI 53202 |
| TELEPHONE NUMBER 414-298-1000 — FAX NUMBER 414-298-8097 | TELEPHONE NUMBER 414-298-1000 — FAX NUMBER 414-298-8097 |
| E-MAIL ADDRESS dhanson@reinhartlaw.com | E-MAIL ADDRESS gurfer@reinhartlaw.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 90785044 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE _Scott D. Verhey_ | SIGNATURE |
| NAME Scott D. Verhey | NAME |
| FIRM Law Offices of Scott D. Verhey | FIRM |
| STREET ADDRESS 734 North Wells Street | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60610 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-255-8333 — FAX NUMBER 312-915-0402 | TELEPHONE NUMBER — FAX NUMBER |
| E-MAIL ADDRESS pacalaw@aol.com | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6207926 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

DOCKETED
JUL 3 0 2004